```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**RODGER LOVE,**

                      **Plaintiff,**

                                                                         CIVIL ACTION
               **vs.**                                                No. 03-3076-SAC

**S. LITTLE, et al.,**

                      **Defendants.**

### ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. 1983 while plaintiff was a prisoner incarcerated in a Kansas correctional facility. Plaintiff seeks damages and declaratory and injunctive and relief for the alleged violation of his Fourth Amendment right to be free from unreasonable search, based on an strip search plaintiff claims had no justification.

The court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because plaintiff's allegations did not support a finding that the single visual body cavity search at issue violated the Fourth Amendment, or that the search was conducted in an unconstitutional manner.

In response, plaintiff acknowledges the search was conducted in a private and secure place, but claims he would have been forcibly searched if he had not complied with the search. He also reasserts that an earlier pat-down search obviated the need for any additional and more extensive search of him the same day. However, notwithstanding plaintiff's insistence the strip search

was particularized without cause rather than an random search authorized by prison regulations, the court continues to find plaintiff's allegations are insufficient to state a claim of constitutional deprivation.

Additionally, the record reflects that plaintiff has not complied with a court rule that requires him to notify the court of plaintiff's current mailing address.  *See* Rule 5.1(c) of the Rules of Practice and Procedure for the District of Kansas ("Each...party appearing pro se is under a continuing duty to notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice.").  A recent court mailing to plaintiff was returned as undelivered mail.

Accordingly, for the reasons stated herein and in the show cause order dated February 10, 2004, the court concludes the complaint should be dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 16th day of June 2005 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2